IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV 17  A 8: 34

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| DANIEL CURREAN DOWNING,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>KEVIN ROBERTS,  )<br>)<br>Respondent.  ) | CV 106-001 |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court on Respondent's motion to dismiss the § 2254 petition as untimely filed. (Doc. no. 10). Petitioner opposes the motion. (Doc. no. 13). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

### I.  BACKGROUND

In March 1996, Petitioner was convicted, in the Richmond County Superior Court, of burglary, kidnaping, three counts of aggravated assault, and possession of a firearm during the commission of a crime. (Doc. no. 9, Ex. 6, p. 110). The state court subsequently sentenced Petitioner to 55 years' imprisonment. (Id. at 113). Petitioner timely filed a motion for a new trial, which the trial court denied. (Id. at 114, 118). Thereafter, Petitioner appealed his convictions and sentences to the Georgia Court of Appeals. (Id. at 48). The Court of Appeals affirmed Petitioner's convictions and sentences on May 2, 2002. (Id.

at Ex. 8; Downing v. State, 564 S.E.2d 828 (Ga. Ct. App. 2002)).  Petitioner did not seek

further review in the Georgia Supreme Court.  However, in January 2003, Petitioner filed an

"extraordinary motion for a new trial," wherein he argued that during his trial, his co-

defendant was at-large and as such, Petitioner was not able to obtain a statement from his co-

defendant to use at trial.  (Id. at Ex. 9, p. 2).  He claimed that his co-defendant had since

given Petitioner a statement of guilt and was willing to testify as to his guilt at a new trial for

Petitioner.  (Id. at 3).  The Richmond County Superior Court denied Petitioner's motion in

September 2003.  (Id. at Ex. 10).

In July 2003, Petitioner filed a state habeas corpus petition, which was subsequently

denied.  (Id. at Exs. 1-4).  Thereafter, Petitioner filed an application for a certificate of

probable cause to appeal with the Georgia Supreme Court, which was denied in December

2005.  (Id. at Ex. 5).  Less than one-month after the Georgia Supreme Court denied his

application, Petitioner filed the instant § 2254 petition in this Court, arguing that he received

ineffective- assistance-of-counsel and that the trial court erred when it permitted the State to

introduce "bad character evidence." (Doc. no. 1).  The Respondent answered, asserting that

Petitioner was not entitled to habeas relief.  (Doc. no. 9).  Subsequently, Respondent filed

the instant motion to dismiss, arguing that Petitioner's § 2254 petition was untimely filed.

(Doc. nos. 10, 11).  Petitioner responded, asserting that (1) he had ninety (90) days after the

Georgia Court of Appeals affirmed his conviction in which to seek certiorari review in the

United States Supreme Court and therefore, his § 2254 petition was timely filed, and (2) he

timely filed his "extraordinary motion for a new trial," and thus, the statute of limitations

period should have been tolled.  (Doc. no. 13).

2

## II.   DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

corpus petitions for state prisoners seeking relief in the federal courts.  In pertinent part,

28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of–
>
>  (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

### A.   Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion

of direct review or the expiration of the time for seeking such review."  See also Coates v.

Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (per curiam) (citing same).  Because Petitioner

did not file a motion for reconsideration or a notice of intent to seek certiorari review in the

3

Georgia Supreme Court following the Georgia Court of Appeal's decision affirming his conviction and sentences, Petitioner's conviction became "final" when the ten (10) day period to file these motions expired. See Georgia Supreme Court Rule 38(1) (notice of intent to apply for certiorari must be filed with the Georgia Court of Appeals within 10 days of the date of the decision to be reviewed); Georgia Court of Appeals Rule 37(b) (motion for reconsideration must be filed within 10 days from the rendition of the judgment); Georgia Court of Appeals Rule 38(a)(1) (notice of intent to petition for certiorari must be filed within 10 days after the judgment). Accordingly, Petitioner's conviction became final in May 2002.

Although Petitioner contends that he was entitled to the 90-day period for filing an application for a writ of certiorari with the United States Supreme Court, he is misguided. The Eleventh Circuit recently determined that a prisoner's failure to file a certiorari petition in the Georgia Supreme Court on direct appeal precludes him from receiving the 90-day time period in which he had to file a certiorari petition with the United States Supreme Court for purposes of calculating the statute of limitations period. Pugh v. Smith, __ F.3d __, No. 05-12100, 2006 WL 2788639 (11th Cir. Sept. 29, 2006). Therefore, since Petitioner did not file a certiorari petition in the Georgia Supreme Court, Petitioner is not entitled to the 90-day period, and his conviction became final in May 2002, not July 2002, as Petitioner asserts.

**B.     Application of the Statute of Limitations**

Accordingly, under the AEDPA, Petitioner had until May 2003, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305,

4

1307 (11th Cir. 2003). Petitioner's "extraordinary motion for a new trial," filed in January 2003,[1] tolled the statute of limitations period. Under Georgia law, defendants are permitted to file extraordinary motions for a new trial when the 30-day time period for filing a motion for a new trial has passed, but the defendant has "newly discovered evidence" to present to the court in support of his motion for a new trial. O. C. G. A. § 5-5-40; Timberlake v. State, 271 S.E.2d 792, 795 (Ga. 1980).

Although the Eleventh Circuit has not determined that extraordinary motions for a new trial toll the statute of limitations period, the plain language of § 2244 suggests that an extraordinary motion for a new trial would toll the statute of limitations period. As noted above, § 2244 states that "[t]he time during which a properly filed application for State post-conviction or *other collateral review with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, Petitioner's motion, requesting a new trial based on newly discovered evidence, related to "the pertinent judgment," namely his underlying convictions. Petitioner claimed that his co-defendant had reappeared and was willing to testify at Petitioner's new trial that he, and not Petitioner, was the one who had committed the crimes. Because Petitioner's extraordinary motion for a new trial relates to the pertinent judgment, it is a collateral motion that tolls the AEDPA statute of limitations period.

---

[1] Although Petitioner signed the motion on January 30, 2003, it was not filed with the state court until February 7, 2003. Whether the filing date used is January 30, 2003, or February 7, 2003, is irrelevant because Petitioner's § 2254 petition would be timely using both dates.

5

Respondent argues that because Petitioner did not meet the requirements for obtaining a new trial, Petitioner's extraordinary motion is not a proper collateral motion and should be "placed on the same footing as applications for sentence review," which the Eleventh Circuit has ruled do not toll the statute of limitations period. See Bridges v. Johnson, 284 F.3d 1201, 1204 (11th Cir. 2002). However, Respondent's argument is misguided. First, whether Respondent believes that the substance set forth in Petitioner's motion meets the requirements for obtaining a new trial is irrelevant to the question of whether Petitioner's motion was a collateral motion that tolled the statute of limitations period.[2] Simply because the motion did not set forth facts to establish all of the elements for a new trial does not mean it was not a properly filed collateral motion under § 2244(d)(2). See Artuz v. Bennett, 531 U.S. 4, 9-10 (2000) (noting that whether an application was "properly filed" was distinct from the question of whether the claims contained in the application were meritorious and free of any procedural bar). Moreover, because Petitioner was not asking for a review of his sentence, but instead requested a new trial based on newly discovered evidence, it would be improper to construe his motion as an application for sentence review.

---

[2] It should be noted that the state trial court did not reject Petitioner's extraordinary motion on procedural grounds, but instead denied Petitioner's motion "after careful consideration of the record in [the] case and of the allegations raised in the motion." (Doc. no. 9, Ex. 10). Thus, the Court is not faced with determining whether the motion was "properly filed." See e.g., Weekley v. Moore, 244 F.3d 874, 875-76 (11th Cir. 2001) (holding that even though a prisoner's state post-conviction motion was denied as successive, it was properly filed in accordance with § 2244(d)(2)).

Further, although Respondent argues that Petitioner did not "seek to challenge the constitutionality or legal correctness of [his] convictions,"[3] such argument is baseless given that Petitioner has allegedly discovered new evidence that would demonstrate his innocence, which, in fact, challenges the legal correctness of his convictions. Accordingly, Petitioner's extraordinary motion for a new trial serves to toll the AEDPA statute of limitations period.

Turning to whether Petitioner's extraordinary motion actually tolled the statute of limitations period such that his § 2254 petition was timely filed, the Court finds that it does. Petitioner filed his motion in February 2003, approximately three months before the statute of limitations period expired. This tolled the statute of limitations period until September 2003, when the court denied his motion. However, while the motion was pending, Petitioner filed his state habeas corpus petition. Petitioner's state habeas petition extended the tolling period until December 2005, when the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of his state habeas petition. At this time, Petitioner still had approximately three months to file his § 2254 petition. Less than one-month after the Georgia Supreme Court denied Petitioner's application, Petitioner filed the instant § 2254 habeas petition. Therefore, Petitioner's § 2254 petition was timely filed.

## III.   CONCLUSION

For the reasons set forth above, Court **REPORTS** and **RECOMMENDS** that the motion to dismiss (doc. no. 10) be **DENIED**. If the District Court adopts this Court's

---

[3] Respondent cites <u>Bridges</u>, 284 F.3d at 1204, for this proposition.

7

recommendation, Respondent should file his brief on the merits of the petition within thirty (30) days of the date of the District Court's Adoption Order.[4]

SO REPORTED and RECOMMENDED this 17th day of November, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] Respondent's brief should conform to the instructions set forth in this Court's May 1, 2006, Order.  (See doc. no. 5).